UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CARMELO SILVA,                    :
    Plaintiff,                    :
                        :
    v.                            :         Case No. 3:19-cv-1719 (VLB)
                        :
VICKI KILHAM et al.,              :
    Defendants.                   :         May 12, 2020

**MEMORANDUM OF DECISION DENYING MOTION TO DISMISS**

On November 1, 2019, Plaintiff Carmelo Silva, an inmate in the custody of the Connecticut Department of Correction proceeding *pro se* and *in forma pauperis*, brought the instant complaint under 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference claims against Registered Nurse ("R.N.") Vicki Kilham, R.N. Pamela Jasenec, Dr. Michael Clements, Correctional Captain Gregorio Robles, Warden Giuliana Mudano, and Dr. John Doe.  [ECF No. 1 (Compl.)].  Upon initial review, the Court permitted Plaintiff's Eighth Amendment claims to proceed against Defendants R.N. Kilham, Dr. Clements, Dr. Doe, Captain Robles, and Warden Mudano in their individual capacities.  [ECF No. 8].

On February 18, 2020, Defendants filed their motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 16]. Plaintiff filed an opposition.  [ECF No. 20].  For the following reasons the motion to dismiss is DENIED.

## I.  STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).   "At the second step, a court should determine whether the 'wellpleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'"  *Id.* (quoting *Iqbal*, 556 U.S. at 679).   "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

In general, the Court's review on a motion to dismiss pursuant to Rule 12(b)(6) "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated by reference."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am.*

2

*Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## II.  ALLEGATIONS

In reviewing a motion to dismiss, the Court considers the allegations of the complaint to be true.  *Hayden*, 594 F.3d at 161.

Plaintiff is a convicted prisoner in the custody of the Connecticut Department of Correction, who is currently housed in the administrative segregation unit at Northern Correctional Institution.   [ECF No. 1 ¶¶ 2, 19].   Commencing in October 2018, Plaintiff experienced anal bleeding, bloody stool, growing internal pains, and mental and emotional concern about his well-being.  *Id.* ¶¶ 20, 21, 23, 28.  Plaintiff informed R.N. Kilham about these conditions and his pain, and he provided her with an inmate request for medical services; R.N. Kilham disregarded his symptoms, told him to stop whining, and crumpled his inmate request into a ball.  *Id.* ¶ 21.  His stool samples later tested positive for blood.  *Id.* ¶ 32.

In late-November 2018, Defendant Dr. Clements reviewed Plaintiff's test results.  *Id.* ¶ 33.  Plaintiff later met with Dr. Clements and explained his increasing intestinal pain;  *id.* ¶ 35; Dr. Clements provided no treatment, medication, or advice, although he indicated he would take Plaintiff's pain into consideration and that Plaintiff would be scheduled for a consultation at UConn Health "at some point."  *Id.* ¶¶ 36, 38.  Thereafter, Plaintiff did not see anyone

from the medical staff and experienced excruciating intestinal and stomach pain. *Id.* ¶¶ 39-40. After two months of no medical care, Plaintiff filed a grievance. *Id.* ¶ 41.

In February 2019, Plaintiff asked Correctional Captain Robles to help him secure treatment. *Id.* ¶ 42. Robles responded that he had "no control" over medical and could do "nothing for him"; however, he stated that he would ask about Plaintiff's grievance. *Id.* ¶¶ 42-43.

The next day, defendant R.N. Kilham came to Plaintiff's cell; explained that she had "tossed" his grievance, that he would be going to UConn Health in April; and that if he made any more waves he would not go to UConn until "next year." *Id.* ¶ 44.

In April 2019, Plaintiff met with Dr. Doe at UConn, explained his symptoms, and requested pain medication. *Id.* ¶¶ 46-47. However, Dr. Doe provided no treatment but indicated Plaintiff would be placed on a list to see a specialist and would be seen according to his placement on the list regardless of the severity of Plaintiff's pain or condition. *Id.* ¶¶ 48-49. Plaintiff begged Dr. Doe to be seen "soon." *Id.* ¶ 49.

In July 2019, Plaintiff had still received no medical care. *Id.* ¶ 50. He filed a second grievance seeking "timely" medical care. *Id.* R.N. Kilham came to his cell and stated, "What did I tell you about filing these grievances." *Id.* ¶ 51.

In August and September 2019, Plaintiff wrote multiple requests to Dr. Clement, Correctional Captain Robles, and Warden Mudano describing his pain and requesting treatment. *Id.* ¶ 52. In September 2019, Plaintiff spoke to Warden Mudano about his need for medical care. *Id.* ¶ 53. She responded that she had received his request form, but she did not oversee medical. *Id.* After he informed her of his efforts to obtain treatment and how he continued to suffer, she responded, "That's fine, suffer in silence." *Id.* ¶ 54.

On October 1, 2019, Plaintiff saw Dr. Bath, who determined Plaintiff required a colonoscopy. *Id.* ¶¶ 56-57. Plaintiff had several "polyps" removed through "endoscopic surgical procedures." *Id.* ¶ 57. Plaintiff's diagnosis included hemorrhoids, benign neoplasm, diarrhea, anal and rectal hemorrhaging, and chronic colitis with moderate severity. *Id.* ¶ 58. Dr. Bath stated that Plaintiff should have received treatment much sooner and may require further procedures and monitoring due to the delay in treatment. *Id.* ¶ 59.

Since his medical procedure, Plaintiff has experienced minor discomfort and has improved physically. *Id.* ¶ 60; *see also* [Resp. to Mot. to Dis., ECF No. 20 at 9].

## III. DISCUSSION

In Counts One through Four, Plaintiff alleges that Defendants acted with deliberate indifference to his pain and suffering and medical needs. [ECF No. 1 ¶¶ 64-74]. In his third claim, Plaintiff asserts that Defendants Kilham, Clements,

Robles, and Mudano were supervisors with a duty to correct the deliberate indifference of other staff members. *Id.* ¶¶ 71-73.

Defendants argue that Plaintiff's Eighth Amendment claims should be dismissed because Plaintiff has failed to satisfy the objective and subjective elements of Eighth Amendment analysis. Alternatively, Defendants maintain that they are shielded by the doctrine of qualified immunity.

A.    <u>Eighth Amendment Deliberate Indifference to Medical Needs</u>

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Id.* at 104 (internal quotation marks and citation omitted). The Court explained that "[t]his is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05.

To state a claim for deliberate indifference to a serious medical need, a plaintiff's claim must satisfy both objective and subjective elements. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). First, the alleged deprivation "must be, in objective terms, sufficiently serious." *Id.* (quotations and citations omitted). "Second, the charged official must act with a sufficiently culpable state of mind." *Id.*

6

Under the objective prong, the inmate's medical need or condition must be "a serious one." *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). Factors relevant to the seriousness of a medical condition include whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citations omitted). Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

To satisfy the second, subjective prong, a prison official or medical staff member must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Mere negligent conduct does not constitute deliberate indifference. *See Salahuddin*, 467 F.3d. at 280 ("[R]ecklessness entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."). *See also Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (medical malpractice alone does not amount to deliberate indifference).

7

When an inmate brings an Eighth Amendment deliberate indifference claim based on "a temporary delay or interruption" of treatment, the court's objective "serious medical need inquiry can take into account the severity of the temporary deprivation alleged by the prisoner." *Smith v. Carpenter,* 316 F.3d 178, 186 (2d Cir. 2003).  The court should consider the "particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the severity of the prisoner's underlying medical condition." *Id.*  "[I]n most cases, the actual medical consequences that flow from the alleged denial of care will be highly relevant to the question of whether the denial of treatment subjected the prisoner to a significant risk of serious harm." *Id.*  Relevant to the subjective component of the Eighth Amendment analysis, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions.  *See also Salahuddin,* 467 F.3d at 280.

Defendants argue that Plaintiff cannot establish (1) the objective component because his allegations fail to establish that the ten to eleven month delay (between his late-November 2018 appointment with Dr. Clements and his October 1, 2019 surgery) exacerbated his underlying condition; or (2) the subjective component because his allegations do not establish that he was exposed to a substantial risk of harm by the delay in treatment.

As an initial matter, Defendants' argument for dismissal limits Plaintiff's Eighth Amendment claim to a complaint of deliberate indifference solely based

8

on a delay in his medical treatment.   However, the Court must draw "all reasonable inferences in the nonmovant's favor[,]" *Interworks Sys. Inc. v. Merchant Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010), and construe the complaint "most liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).   In his opposition, Plaintiff indicates that he is alleging (i) that Defendants acted with deliberate indifference to his pain and his need for medical treatment after they were informed of his conditions, and (ii) deliberate indifference on the basis of Defendants' failure to provide him with timely treatment.   [ECF No. 20-1 at 1-9].   In other words, Plaintiff claims deliberate indifference to, or even the ignoring of, his medical needs in general, and separately, untimely treatment.

With respect to the objective element, Plaintiff need not demonstrate that he has experienced "pain that is at the limit of human ability to bear or that his or her condition will degenerate into a life-threatening one." *Brock*, 315 F.3d at 163 (reversing district court's determination that pain associated with a scar was not objectively serious where plaintiff had shown pain was "uncomfortable and annoying" but not "extreme" and scar did not present a risk of serious harm).

Here, Plaintiff has sufficiently alleged facts to satisfy the Eighth Amendment objective standard.   He has stated that his condition caused him extreme pain and suffering and that he required "endoscopic surgical procedures."   [ECF No. 1 ¶¶ 6-7, 20-21, 40, 56-57].   Moreover, contrary to

Defendants' assertions that Plaintiff has not established any exacerbation of his condition by the delay, he has alleged that Dr. Bath told him he had several polyps which had to be removed, that treatment should have occurred sooner, and that because of the delay he may need for future procedures and monitoring. *Id.* ¶¶ 56, 57, 59, 62.  Construed in Plaintiff's favor as required for review of a Rule 12(b)(6) motion to dismiss, these allegations establish that Plaintiff had a serious medical need;[1] moreover, his allegation that Dr. Bath expressed a concern that the surgery should have occurred earlier and Plaintiff's condition could require further treatment raises an inference that the delay did cause adverse medical consequences to his underlying condition.  Even though Plaintiff represents that he is now feeling physically improved, the Court cannot determine as a matter of law from the present record that the almost year-long delay in treatment did not worsen or exacerbate his condition.  Furthermore, Plaintiff has alleged that he suffered pain until Dr. Bath performed the surgery.  "Courts have declined to dismiss deliberate-indifference claims as a matter of law where plaintiffs have alleged a delay in medical treatment causing substantial pain, even when the injuries alleged were not life-threatening and the delay was relatively brief."

---

[1] **Defendants cite to a district court decision, *Young-Flynn v. Wright*, which dismissed a claim of rectal bleeding and colon polyps as failing to state "conditions of urgency."  *Young-Flynn v. Wright*, No. 05 CIV.1488 LAK, 2007 WL 241332, at \*18 (S.D.N.Y. Jan. 26, 2007).  However, unlike the instant Plaintiff, the *Young-Flynn* plaintiff had alleged neither that his condition required immediate medical attention to prevent injury or pain nor that the defendants' failure to take**

*Laster v. Mancini,* No. 07 Civ. 8265 (DAB), 2013 WL 5405468, at *21 (S.D.N.Y. Sept. 25, 2013); *see also Vines v. McCrystal*, No. 3:18-cv-1432 (MPS), 2018 WL 6050896, at *4 (D. Conn. Nov. 19, 2018).[2]

As this Court concluded in its initial review order, Plaintiff has alleged sufficient facts to satisfy the subjective element of the Eighth Amendment analysis. His allegations suggest that Dr. Clements knew of his serious medical needs but ignored his need for pain relief and immediate medical care; [ECF No. 1 ¶¶ 35, 36, 52; that Dr. Doe knew of his medical condition and pain but ignored his requests to be seen "soon" by a specialist; *id.* ¶¶ 47-49; that R.N. Kilham ignored his complaints of pain and need for medical care and may have deliberately sought to delay or interfere with his request for "timely" medical care; *id.* ¶¶ 21,

---

any action to address his rectal bleeding directly caused him any specific injury. *Id.*

[2] **The Court notes that Defendants have relied on several decisions rendered after evidentiary review.  *See Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (affirming ruling on summary judgment where there was "no basis for finding that the treatment given [Plaintiff] was unreasonable or that the sleepiness he reported was 'sufficiently serious' to constitute a constitutional violation."); *Smith*, 316 F.3d at 186-189 (affirming denial of motion for new trial because plaintiff had failed to present evidence of permanent or on-going harm or an unreasonable risk of future harm stemming from missed doses of HIV medication and "jury was free to consider the absence of concrete medical injury as one of the relevant factors in determining whether the asserted deprivation of medical care was sufficiently serious to establish a claim under the Eighth Amendment."); *Guerrero v. White-Evans*, No. 06 CIV 5368 (SCR) (GAY), 2009 WL 6315307, at *3 (S.D.N.Y. Sept. 17, 2009) (in ruling on summary judgment, court found no evidence of pain or degeneration that would have been alleviated by more rapid treatment).  These cases are inapposite to this ruling on Defendants' Motion to Dismiss.**

44, 51; that Robles indicated he would check on the grievance, but plaintiff did not see a doctor until several months later; *id.* ¶¶ 42-43, 52; and that Warden Mudano knew of his need for medical assistance but refused to help him. *Id.* ¶¶ 52-54.

Plaintiff has alleged that he experienced pain during the almost year-long delay in treatment; and his allegations raise an inference that the delay had adverse effects on his underlying condition as indicated by Dr. Bath. The Plaintiff has established plausible Eighth Amendment claims based on deliberate indifference to his conditions of pain and need for medical treatment and the delay in treatment. As stated in its initial review order, the Court will leave Plaintiff to his proof. [ECF No. 8 at 8].

**B.    Qualified Immunity**

Defendants argue that they are entitled to the shield of qualified immunity, asserting that they have not violated a clearly established constitutional right.

Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity "affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions." *Distiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012) (quoting *Messerschmidt v. Millender*, 565 U.S. 535,

553 (2012) ).  "The qualified immunity standard is 'forgiving' and 'protects all but the plainly incompetent or those who knowingly violate the law.'"  *Grice v. McVeigh*, 873 F.3d 162, 166 (2d Cir. 2017) (quoting *Amore v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010)).

The Court has discretion to determine the order in which it will address the inquiries required when assessing the applicability of qualified immunity. *See Johnson v. Perry*, 859 F.3d 156, 170 (2d Cir. 2017) (quoting *Pearson* 555 U.S. at 236).

A right is clearly established if, "at the time of the challenged conduct ... every 'reasonable official would have understood that what he is doing violates that right.'"  *Ashcroft v. al-Kidd*, 563 U.S. 731, 732 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  There is no requirement that a case have been decided which is directly on point, "but existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.*

In addition, qualified immunity protects state actors when it was objectively reasonable for the state actor to believe that his conduct did not violate a clearly established right.  *Manganiello v. City of New York,* 612 F.3d 149, 165 (2d Cir. 2010).  "If a reasonable officer might not have known for certain that the conduct was unlawful – then the officer is immune from liability."  *Ziglar v. Abbasi,* 137 S. Ct. 1843, 1867 (2017).  Therefore, the question this Court may first ask is whether it was objectively reasonable for any of the defendants to believe their conduct

was not unlawful at the time. *Simpson v. City of New York*, 793 F.3d 259, 268 (2d Cir. 2015). Qualified immunity does not apply if, on an objective basis, it is obvious that no reasonably competent officer would have taken the actions of the alleged violation. *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Defendants' claim that they have not violated a clearly established right is premised on their assertion that Plaintiff has alleged a delay in treatment that did not exacerbate his underlying condition. As previously discussed, the Court has concluded that Plaintiff has alleged plausible Eighth Amendment deliberate indifference claims, which may have exacerbated his underlying medical condition. Because the Eighth Amendment clearly proscribes deliberate indifference to the serious medical needs of prisoners whether manifested by denial or delay of, or interference with, medical treatment, *Estelle,* 429 U.S. at 104-105, the Court must deny Defendants' motion to dismiss on the basis of qualified immunity.

On a motion for summary judgment, the Court may evaluate whether evidence supports Plaintiff's claims of Eighth Amendment violation and whether it was objectively reasonable for Defendants to believe their conduct was not unlawful at the time.

## IV.  CONCLUSION

For the foregoing reasons, the motion to dismiss [ECF No. 16] is DENIED.

Discovery has not been stayed during the pendency of the motion to

14

dismiss.  The Court instructs the parties to file a joint status update regarding the progress of discovery and any dispositive motions.

The Court also reminds Plaintiff that he must identify the Doe defendant promptly in a notice filed on the docket with the Doe defendant's full name and current address to enable the Clerk to effect service on that defendant.  Failure to identify a Doe defendant timely will result in the dismissal of all claims against that defendant.

**IT IS SO ORDERED**

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: May 12, 2020.**

15